UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

BRITTNY NICOLE LEE,                          Case No.: 09-14568-MAM

    Debtor.


MARY ANN BELL, Administratrix of            Adv. Proc. No.: 09-01150
the Estate of Larry Whigham,

    Plaintiff,

v.

BRITTNY NICOLE LEE,

    Defendant.

## ORDER DENYING OBJECTION TO
## THE DISCHARGEABILITY OF BELL'S DEBT

Angela M. Cooper, Attorney for Debtor
Richard L. Watters, Attorney for Plaintiff

This matter is before the Court on Mary Ann Bell's Objection to Discharge of her debt in the case of Debtor Brittny Nicole Lee. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has authority to enter a final order. For the following reasons, Bell's objection to discharge of Lee's debt to Bell is due to be DENIED.

### PROCEDURAL ISSUES

Mary Ann Bell brought this action as Administratrix of the Estate of her deceased brother, Larry Whigham. This action stems from events involving Debtor Brittney Lee and

1

decedent Larry Whigham on August 20, 2007. The Court held a trial on the matter May 19, 2010. At the trial, the Court considered Lee's Motion in Limine to exclude testimony and documents regarding the condition of the decedent, the police investigation, and the condition and location of Lee's vehicle. After hearing argument on the motion, the Court ruled that it was appropriate for Bell to present testimony and police records and reports, and therefore denied the Motion in Limine as to that evidence. The Court ruled that pictures from the accident scene itself were superfluous to the issue of whether Lee acted willfully and maliciously, and therefore granted Lee's Motion in Limine as to the pictures only. A further motion was made at the trial that the Court take judicial notice of Alabama statutes regarding personal injury. The Court is familiar with applicable state law and denied the Motion for Judicial Notice on the basis that it was unnecessary for the Court to go so far as to take judicial notice of the law. The Court heard testimony and oral argument and took the matter under advisement.

## FACTS

Around 11:00 p.m. on August 20, 2007, 22 year-old Brittny Lee was traveling in the north-bound left lane of Interstate 65 through the Mobile, Alabama area towards her home in Satsuma, Alabama. After passing the Prichard exit, Lee hit something with her car. She testified that she did not know what the object was, but the impact caused significant damage to her car and shattered her windshield. Lee testified that she "freaked out" because she did not know what she had hit, and proceeded down the interstate about 1.5 miles before taking the West Lee exit off of the interstate. Lee drove without stopping to the home of Melvin Jackson and Leslie May, which both Lee and Detective Marquis Parsons testified is located approximately five to ten minutes drive from the site of the impact.

2

After arriving at Jackson's home, Lee told Jackson and May that she had hit something on the interstate. Jackson, May, their son, and Lee returned to the site of the impact in Jackson's car to look for what Lee hit with her car. Lee testified that they searched for approximately 30-45 minutes circling several times to look at the scene before returning to Jackson's home where she stayed with Jackson's family that night. Melvin Jackson indicated they only circled around the scene one time. Both Lee and Jackson agreed that they saw nothing. They did not find what Lee had hit.

The next morning, on August 21, 2007, Lee testified that she heard on the news that a man had been hit on Interstate 65 in the area where she had run into something the night before. Lee called her lawyer, Jerome Carter, and went to the Prichard Police Department where she gave a statement to Chief Batiste. Det. Marquis Parsons also met with Lee on the morning of August 21. He described her demeanor as nervous, shaken up, and upset. Det. Parsons testified that he had no reason to believe Lee was lying when she gave her account of events the night before. Lee was not charged with any crime and was sent home from the Prichard Police Department.

Detective Johnson of the Prichard Police Department went to the scene of the impact at 7:45 a.m. on August 21, 2007, and prepared a traffic accident report. Det. Johnson's report identifies the decedent as Mr. Larry Whigham of Prichard, Alabama. His report includes a statement about his observations of the scene, the location and placement of Mr. Whigham's body, and lists all items recovered from the scene. Mr. Whigham's Alabama Certificate of Death does not state the time or date of his death, however, it does state that the coroner pronounced Mr. Whigham's death at 7:21 a.m. on August 21, 2007. An autopsy and toxicology analysis were performed by the medical examiner on Mr. Whigham on August 22, 2007. The

3

cause of death was determined to be "multiple blunt trauma/motor vehicle accident." The toxicology report findings showed that Mr. Whigham's blood tested positive for ethyl alcohol and cocaine.

Both Brittny Lee and Mary Ann Bell testified that Lee and Mr. Whigham did not know each other. Lee testified that she did not intend to hit anyone and that she would have stopped her car if she had known she had hit a person. Further, Mary Ann Bell also testified that she did not think Lee intended to hit Mr. Whigham with her car.

## LAW

Bell objects to the dischargeability of the debt owed by Lee under 11 U.S.C. § 523(a)(6), which states that an individual debtor is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." According to the United States Supreme Court, "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974 (1998) (emphasis original). For a debt to be nondischargeable, the party challenging the discharge must demonstrate that the debt was the result of an act involving an intentional or deliberate injury, not merely a reckless, deliberate, or intentional act that led to injury. *Id*.

In the present case, Bell's complaint alleges that a determination of nondischargeability is appropriate as to two distinct acts: (1) the impact between Lee's car and Mr. Whigham and (2) Lee leaving the scene of the accident without rendering assistance. The Court will address each separately under the willful and malicious standard.

### I.

4

Bell asserts in her complaint that Lee "willfully and maliciously operated a vehicle . . . so as to cause it to crash into [Mr. Whigham]." To prove that Lee acted "willfully," Bell must show that she intended the consequences of her act. In this case, that would require a showing by a preponderance of the evidence that Lee intended to hit Mr. Whigham with her car. Further, Bell must show that Lee acted "maliciously" which would require a showing by a preponderance of the evidence that Lee intentionally committed a wrongful act, causing injury, without just cause or excuse. Both Lee and Bell testified at the hearing that they believed that Lee's hitting Mr. Whigham with her car was an *accident*. By definition, an accident is an unintended occurrence. Both parties acknowledge that Lee's actions in hitting Mr. Whigham with her car were unintentional, and the facts and evidence of record clearly support that conclusion. Because Lee's act was not intentional, Bell has failed to prove by a preponderance of the evidence that Lee acted willfully and maliciously in operating her vehicle.

## II.

In her complaint, Bell asserts that Lee acted willfully and maliciously because she owed a duty to Mr. Whigham to stop and breached that duty by leaving the scene of the accident. The standard that Bell must meet by a preponderance of the evidence is that Lee possessed subjective, conscious intent to harm Mr. Whigham by leaving the scene. *See Matter of Frazee*, 60 B.R. 109 (Bankr. W.D. Mo. 1986) (*citing* H.R. REP. No. 95-595, pt. 1, at 363 (1977)).

Lee testified that she did not know she had hit a person and would have stopped had she known it was a person. Bell did not present evidence to rebut Lee's statement, and therefore has failed to prove that Lee possessed a subjective, conscious intent to harm Mr. Whigham by leaving the scene. Also, Lee returned to the scene and looked for what she hit, but she and three other people – Melvin Johnson, Leslie May, and their son – found nothing.

5

Similar to the case at hand are the facts in *In re Wells*, 44 B.R. 1006 (Bankr. S.D. Fla. 1984), where an automobile driver felt something hit his car on a dark evening and proceeded down the road until his car was stopped by a flat tire. The next day he learned that he had hit and injured a bicyclist and surrendered himself to the police. The bankruptcy court found that the act of leaving the scene, when the driver was unaware that an accident had taken place until later, did not render a debt arising from the accident nondischargeable. Similar to the *Wells* case, the evidence indicates that Lee was unaware of injuries to a person, and could not have acted willfully and maliciously.

Even assuming that Lee knew she had hit a person, case law holds that where a plaintiff fails to prove that leaving the scene caused damages, the act of leaving the scene is an insufficient basis for a finding of willful and malicious conduct within the meaning of § 523(a)(6). In the case of *In re Frazee*, 60 B.R. 109 (Bankr. W.D. Mo. 1986), a debtor collided with another car and proceeded onward, even though he knew he had run the plaintiff's car off the roadway and knew or should have known that he caused harm to the plaintiff. The court concluded that hit-and-run character of the debtor's conduct could constitute an admission of liability, but nothing indicated that the debtor left the scene with any actual intent to harm. In the present case, even if Bell had proved that Lee knew she hit a person and left the scene, Bell presented no evidence or argument to show that Lee's act in leaving the scene caused any actual damage. Without such evidence, Bell has failed to prove by a preponderance of the evidence that Lee acted willfully and maliciously in leaving the scene of the accident.

### III.

Exception to discharge for a willful and malicious act requires a very specific showing by a preponderance of the evidence of debtor's actual intent to cause a specific result, not a mere

intent to act. In the present case, Bell has failed to meet that standard with regards to both the accident itself and to Lee's leaving the scene of the accident.

Therefore, IT IS ORDERED:

(1) Bell's Objection to Discharge of her debt is DENIED;

(2) Lee's Motion in Limine is GRANTED in part and DENIED in part;

(3) Bell's Motion that the Court take Judicial Notice is DENIED.

(4) A hearing on the Motion for Sanctions is set June 21, 2010, at 10:00 a.m. in Courtroom 2, United States Bankruptcy Court, 201 St. Louis St., Mobile, Alabama.

Dated: May 25, 2010

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE